## THE STATE v. PENNY J. TATMAN, Appellant.

Division Two, May 26, 1910.

APPELLATE JURISDICTION: Former Acquittal: Constitutional Question: Misdemeanor. A violation of the Local Option Law is a misdemeanor, and where defendant, in the circuit court, interposed as a bar to the prosecution his plea of former acquittal of the same offense before a justice of the peace, pleading therein the provisions of the Constitution as to former jeopardy, and the trial court submitted that issue to the jury and they found against him, his appeal does not involve a constitutional question, and the Court of Appeals has jurisdiction. No constitutional right was denied him.

Appeal from Putnam Circuit Court.—*Hon. Geo. W. Wanamaker,* Judge.

Transferred to Kansas City Court of Appeals.

*N. A. Franklin* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The appellant is mistaken in the assumption of having invoked the provision, or the construction of any provision, of the Constitution in this case. No constitutional provision has been invoked to any greater extent than the provision of the Constitution is invoked in every criminal prosecution. The issue raised by the plea in bar was an issue to be tried by the jury, the same as any other issue, under the rules of evidence together with proper instructions. The question of *autrefois acquit* was submitted to the jury upon the evidence adduced and the instructions of the court. Therefore no constitutional question is involved, and we request that the case be transferred to the Court of Appeals.

FOX, J.—This cause is brought to this court upon appeal by the defendant from a judgment of the circuit court of Putnam county, convicting him of a violation of what is commonly known as the "Local Option Law."

On July 8, 1909, the prosecuting attorney of Putnam county, Missouri, filed an information in the office of the circuit clerk of said county, duly verified, alleging in said information that the Local Option Law, approved April 5, 1887, had been legally adopted in said county of Putnam, and charging the defendant with selling and disposing of intoxicating liquors in said county of Putnam in violation of said law. At the August term, 1909, of the circuit court of Putnam

county, the defendant filed a plea in bar to said information, alleging that on the 24th day of June, 1909, James W. McGee, prosecuting attorney of Putnam county, Missouri, filed an information against the defendant charging him with the same offense as was herein charged, setting out a copy of the information filed before W. O. Underwood, a justice of the peace for said Putnam county, Missouri, and also alleging that the defendant entered his plea of not guilty to the information so filed before said justice of the peace, and that said cause was tried on the 7th day of July, 1909, before a jury of six good and lawful men of said county, selected and elected to try said cause, who were duly sworn and qualified, and after hearing the evidence pro and con, said jury returned a verdict in said justice's court of acquittal, and upon said judgment of acquittal said justice entered judgment of acquittal and taxed the costs of the prosecution against the State.

Defendant further alleged in his plea in bar that the provisions of the Constitution of Missouri, section 23 of article 2, wherein it is provided, "nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty," were violated, in that said information filed herein alleges the same offense as the one tried in the justice's court in which the defendant was acquitted, which plea in bar was verified.

The issues as presented by the plea in bar filed by the defendant were presented to the jury along with the other evidence in the case. The jury found the issues upon the plea in bar against the defendant and returned a verdict finding him guilty as charged in the information, assessing his punishment at a fine of three hundred dollars.

At the very threshold of the consideration of this cause we are confronted with the proposition as to whether or not this court has jurisdiction. The of-

fense of which the defendant was convicted is a misdemeanor, and unless the record discloses that some constitutional question is involved, or, in other words, that the defendant was denied in the trial court some constitutional right to which he was entitled, this court manifestly would be without jurisdiction.

We have carefully scrutinized the disclosures of the record and find that the issues upon the plea in bar were submitted to the jury and that there was a finding against the defendant. The trial court did not deny the defendant the right to a trial by a jury of the issues presented by his plea in bar, and if there was the slightest conflict in the testimony upon the issues presented by such plea then the court had the right to submit it to the jury. It may be that under the evidence as disclosed by the record concerning the plea in bar the court could have very appropriately instructed the jury to find the issues for the defendant, but its failure to give such instruction by no means raises a constitutional question. As to whether or not the facts developed upon the trial of that issue were of such a nature and character as to authorize the court to direct the jury to find the issues for the defendant, are matters which are proper subjects of review in the appellate court having jurisdiction of the cause.

In all criminal prosecutions there are constitutional provisions guaranteeing certain rights to defendants, but it does not follow from this that if a defendant is convicted those constitutional provisions have been violated and are involved in the proceeding.

In this case in order to confer jurisdiction upon this court it must clearly appear that the defendant was denied some constitutional guaranty in the trial court, and, after a most careful examination of the record, we are unable to reach the conclusion that there is any constitutional question involved in this pro-

ceeding. To so hold would result in conferring jurisdiction on this court in all appeals in prosecutions for misdemeanors where a plea in bar was interposed and disposed of in the trial court. We are unwilling to so hold.

With these views there is no necessity for setting out the facts developed upon the trial, and the cause is ordered transferred to the Kansas City Court of Appeals for final disposition. All concur.